UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-00017-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COALITION FOR HEALTHIER EATING | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the United States of America's ("Plaintiff") "Motion for Default Judgment" [DE-12 (the "Motion")].

I.     Factual Background

Plaintiff alleges that Coalition for Healthier Eating ("Defendant"), an entity located in Pitt County in the Eastern District of North Carolina, obtained two Community Facilities loans from the United States Department of Agriculture (the "USDA") and defaulted on its obligations. [DE-1 ("Complaint") ¶¶ 1, 4-6, 13-16.] The parties executed two promissory notes on May 15, 2017. [Complaint ¶ 4.] The first loan was for a principal amount of $915,000.00 with an interest rate of 2.875 percent per annum [Complaint ¶ 5]; the second was for a principal amount of $200,000.00 with an interest rate of 2.375 percent per annum [Complaint ¶ 6]. Each promissory note contained an acceleration clause in the event of non-payment or other default. [Complaint ¶¶ 5-6.] Defendant secured the two loans by a deed of trust [Complaint ¶¶ 7-8] and a security agreement [Complaint ¶¶ 9-11], both of which also contained acceleration clauses in the event of non-payment or default [Complaint ¶¶ 8, 11]. The USDA also filed a UCC Financing Statement with

the North Carolina Secretary of State [Complaint ¶ 12].

"Shortly after the loan closing, Defendant encountered issues with the operation of leased refrigeration equipment, as well as other problems, and closed its facility in late 2017." [Complaint ¶ 13.] "Defendant failed to make any payments on any of the loans from the USDA." [Complaint ¶ 14.] On April 1, 2019, the USDA sent "Defendant a 'Notice of Acceleration'" informing Defendant that it had defaulted and that the entire debt had been accelerated. [Complaint ¶ 15.] Plaintiff has attached each relevant document—the promissory notes [DE-1-2 (Exhibit A), 3 (Exhibit B)], the deed of trust [DE-1-4 (Exhibit C)], the security agreement [DE-1-5 (Exhibit D)], the UCC Financing Statement [DE-1-6 (Exhibit E)], and the Notice of Acceleration [DE-1-7 (Exhibit F)]—to its Complaint.

II.     Procedural Background

"Upon failure of the Defendant to make full payment, [the] USDA referred this matter to the United States Attorney's Office for the Eastern District of North Carolina." [Complaint ¶ 16.] The Complaint was filed on January 27, 2020; the summons was executed and returned on April 8, 2020 [DE-8]; Plaintiff filed a motion for entry of default on May 6, 2020 [DE-10]; the Clerk entered default on June 4, 2020 [DE-11]; and Plaintiff, seeking a default judgment, filed the instant Motion and an affidavit therewith on June 30, 2020 [DE-12]. Plaintiff requests that a monetary judgment be entered against Defendant for principal and interest owed and for post-judgment interest. [DE-12.] The time for Defendant to respond has lapsed, and the Motion is now before the Court.

III.    Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to

2

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If, after the entry of default, plaintiff's complaint does not specify a "sum certain" or "a sum that can be made certain by computation," only the court may enter a default judgment against the defendant. *See* Fed. R. Civ. P. 55(b)(1), (2); *see also United States v. A Perfect Fit for You, Inc.*, No. 4:17-CV-174-D, 2019 WL 6049940, at *3 (E.D.N.C. Nov. 14, 2019).

Upon entry of default, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id.* (citation omitted). Rather, the court must determine whether the unchallenged facts support the relief sought. *Id.*; *see also H&E Equip. Servs., Inc. v. Oak City Contracting, LLC.*, No. 5:19-CV-361-FL, 2020 WL 1490710, at *2 (E.D.N.C. Mar. 25, 2020). While the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided," *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

"If the court determines that liability is established, it then must determine the appropriate amount of damages." *H&E Equip. Servs., Inc.*, 2020 WL 1490710, at *2 (citation omitted). "Unlike allegations of fact, allegations of damages are not deemed admitted upon default." *Id.* (citations omitted). In order to make an independent determination regarding damages, the

court may hold an evidentiary hearing, but such a hearing is not required if the damages are ascertainable from the pleadings. *See Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998).

IV. Analysis

The Court finds that the facts alleged in the Complaint and contained in its accompanying exhibits and the affidavit establish a basis for the relief sought. *See A Perfect Fit for You, Inc.*, 2019 WL 6049940, at *3. Plaintiff has alleged the existence of two promissory notes with acceleration clauses, which it has provided, and that Defendant failed to meet its payment obligations and fell into default. Plaintiff also filed proof of proper service [DE-8], and Defendant has failed to file a single response or notice of appearance. *Cf. United States v. Conway Severn Rescue Squad, Inc.*, No. 2:20-CV-4-M, 2020 WL 2415587, at *2 (E.D.N.C. May 12, 2020) (granting motion for default judgment in USDA loan default case).

Plaintiff has also shown the amounts of the loans and the total unpaid principal and interest, and no evidentiary hearing is needed. Plaintiff has provided the signed promissory notes [DE-1-2 (Exhibit A), 3 (Exhibit B)], the Notice of Acceleration [DE-1-7 (Exhibit F)], and an affidavit [DE-12-1], each of which detail the same amount loaned and outstanding. *Cf. United States v. Elliott*, No. CV 17-02832-TDC, 2018 WL 6251003, at *3 (D. Md. Nov. 29, 2018) ("In sum, Plaintiff's supporting documentation establishes an outstanding balance of $43,333.43. Plaintiff's evidence before the Court has not been contradicted."), *report and recommendation adopted*, 2018 WL 7199628 (D. Md. Dec. 18, 2018); *see also Conway Severn Rescue Squad, Inc.*, 2020 WL 2415587, at *2.

V. Conclusion

For the foregoing reasons, Plaintiff's Motion [DE-12] is GRANTED. Accordingly, judgment shall be entered against Coalition for Healthier Eating as follows:

Plaintiff shall have and recover from Defendant the principal amount of $915,000.00 and interest of $49,297.19 for a total of $964,297.19 plus interest accrued from April 1, 2019, until the date of the entry of this judgment at the rate of 2.875 percent per annum; ADDITIONALLY, Plaintiff shall have and recover from Defendant the principal amount of $200,000.00 and interest of $8,885.47 for a total of $208,885.47 plus interest accrued from April 1, 2019, until the date of the entry of this judgment at the rate of 2.375 percent per annum, for a total judgment of $1,173,182.66 plus interest accrued. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

The Clerk is DIRECTED to close this case.

SO ORDERED. This the 29th day of July, 2020.

_____
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE